Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff, a former Government employee, sues to recover salary accruing to him from the time of his allegedly illegal removal on October 7,1953. Defendant has moved for summary judgment.
Plaintiff had been a civil service employee in the Bureau of Internal Revenue and the Internal Revenue Service since August 1929. Effective August 11, 1952, plaintiff was promoted to the position of Assistant Commissioner (Inspection), Grade GS-18. It appears that under section 3 of Reorganization Plan No. 1 of 1952, effective March 14,1952, 66 Stat. 823, 26 IT. S. C. 3905 note (1952Ed.), appointments to the positions of Assistant Commissioner of Internal Revenue were to be made under the classified civil service. While the matter is not entirely clear, plaintiff evidently was appointed in accordance with this statute.
By letter dated July 17, 1953, O. Gordon Delk, Deputy Commissioner of Internal Revenue, proposed to separate plaintiff from the Internal Revenue Service, on the ground that he had not adequately performed the duties of his position and that his separation would promote the efficiency of the service. In support of this proposed action the letter advanced certain reasons, each followed by one or more specifications. By letter of July 27, 1953, plaintiff made a lengthy reply to the charges. As a result of this letter another specification was added to the original charges. This specification stated:
The tone of the reply made by you on July 27,1953, including the allegation that the preferring of charges by the commissioner against you was the result of a conspiracy and constituted a threat to the security of the other employees of the Internal Revenue Service, clearly demonstrates your inability to work loyally and efficiently under the Commissioner and Deputy Commissioner of the Internal Revenue Service and demonstrates *562 that your separation will promote the efficiency of the Service.
Subsequently plaintiff received the following letter from the Secretary of the Treasury:
Your replies to the charges filed against you on July 17, 1953, as amended by an additional specification dated August 19, 1953, have been considered.
I have decided that your removal will promote the efficiency of the service, and, therefore, notify you that you will be removed from the position of Assistant Commissioner (Inspection), Internal Eevenue Service, effective at the close of business October 7,1953.
The Notification of Personnel Action for plaintiff’s removal contained the following notation:
Eemoval for inefficiency, incompetence and inability to work loyally under the Commissioner and the Deputy Commissioner.
Plaintiff was a nonveteran and his rights in case of removal were governed by the provisions of the act of June 10, 1948, 62 Stat. 354, 355, which read in part:
No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges,; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits ; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. * * *
Under the applicable regulations it was provided that the Civil Service Commission might investigate the removal of an employee when such employee establishes a prima facie case that (1) the procedure described by the Commission had not been followed or (2) the removal was made for political reasons.
*563 Plaintiff appealed bis removal to the Civil Service Commission on the ground of procedural violations and political motivation in his removal. By letter of November 12,1953, the Civil Service Commission informed plaintiff that there were no procedural defects in Iris removal but asked for further evidence on the allegation that plaintiff’s removal was for political reasons. Plaintiff submitted an affidavit. On May 26, 1954, in a letter to plaintiff, the Chairman of the Civil Service Commission stated that it was the conclusion of the Commissioners that plaintiff was removed because the Treasury Department officials considered him deficient in the performance of his duties and that his removal was not politically motivated. About a year later the Civil Service Commission refused to reopen the appeal in plaintiff’s case; no reversible procedural defect was found to exist and no prima facie case of political motivation in the removal was said to have been established.
Plaintiff alleges that his removal was illegal because of certain procedural defects and because it was arbitrary in that it was based on political motivations. The procedural points raised are:
fl) Plaintiff did not get 90 days’ notice.
(2) The charges were not specific.
(3) The dismissal was based on the reply plaintiff made to the original charges.
(4) The notice of adverse decision did not sufficiently state the reasons for plaintiff’s removal.
Plaintiff’s contention on the point of notice appears to be that since his removal was based on inefficiency he is entitled to the period of notice required for rating an employee unsatisfactory under the Performance Eating Act of 1950, 64 Stat. 1098, 1099, 5 U. S. C. 2001 et seq. (1952 Ed.). This contention has been considered by the Court of Appeals for the District of Columbia Circuit in Thomas v. Ward, 225 F. 2d 953, and Jones v. Hobby, 223 F. 2d 345. It was held that the 90-day notice period applied only to action under that act, and that where an employee is demoted or removed for cause under 5 IT. S. C. 652 the procedure set forth in the latter statute governs. We agree with the holding of *564 the Circuit Court and we accordingly hold that plaintiff was not entitled to 90 days’ notice prior to his separation.
The three principal reasons advanced in the letter of charges were: (1) You have not demonstrated ability to develop an appropriate inspection program for the Internal Kevenue Service; (2) You have not demonstrated ability to appropriately organize and control a going organization; and (8) You have not exhibited the degree of objectivity and sound judgment essential to the adequate performance of a high-level Federal executive position.
Four specifications were listed under the first charge mentioned in the preceding paragraph; under the second charge three specifications were listed, and under the third charge two subdivisions were given. (Originally there was only 1 under the last heading.) While some of the specifications lacked a degree of specificity, there was at least one charge under each reason that was specific, and each of such specifications was of such a nature as would permit removal, if in the discretion of the appropriate official it would promote the efficiency of the service. Another remedy, such as demotion or transfer, might have been chosen and might have been better, but removal was not beyond the bounds of discretion in this case. This was a job at a very high level; the duties were of an executive nature requiring much ingenuity and creative j udgment. What constitutes competence in this context is much more a matter of conjecture than in jobs more routine in nature. In a position of this consequence a wide discretion should be given responsible officials as to causes for removal that will promote the efficiency of the service.
The statute gives a civil service employee who has been charged “a reasonable time for filing a written answer” to the charges. This right would indeed be of little value if each answer were the basis for another charge. Nonetheless, a man is not entitled to make attacks on his superiors when he replies to the charges unless, of course, this attack can reasonably be construed to be necessary to the answer. We do not think they were here. The exchange of correspondence indicates a degree of animosity on both sides between plaintiff and his immediate supervisors. Such feelings may well have effectively precluded plaintiff’s further employ *565 ment in this particular position. Perhaps outright removal would not have been the remedy we would have chosen. Perhaps a transfer to another position so he could have remained in the service if he desired to do so, might have been a more appropriate action. But our function is limited to judicial review. We cannot say that plaintiff’s superiors stepped beyond the limits of allowable discretion in removing him.
The statute requires that an employee be furnished at the earliest practicable date with a written decision on his answer to the charges. Plaintiff claims that the decision in this case was not sufficient in that the specific reasons which formed the basis of the removal were not spelled out. The letter from the Secretary of the Treasury implies that plaintiff was removed on the basis of the charges preferred against him. The notification of personnel action speaks of removal for inefficiency, incompetence and inability to work loyally under the Commissioner and the Deputy Commissioner. Some of the valid specifications in the charge letter would come under the heading of inefficiency or incompetence although, as we have pointed out, these concepts cannot have the clear meaning in the context of a high executive position that they might have in other cases and the term may therefore have unnecessarily harsh implications here. The specification added as a result of plaintiff’s reply is referred to in the last phrase of the notification, namely, inability to work loyally under the Commissioner and the Deputy Commissioner. It is a specific charge and forms an additional basis for the action taken. In the circumstances we are unable to find that the reasons for plaintiff’s removal were not adequately given.
The Civil Service Commission considered plaintiff’s allegation that his removal was politically inspired. This is the body that was officially designated by the Congress to make rules governing the selection of certain specified Federal employees and to supervise the operations of the Civil Service system. We do not think that the Commission’s decision is reviewable here since there is no showing of arbitrary action on its part. On this question we do not perceive a triable issue. We will not, therefore, overturn the finding of the Civil Service Commission that plaintiff has not estab *566 lished a prima facie case that his removal was politically motivated.
There being no arbitrary, capricious, or otherwise illegal action, and there being no procedural defects in plaintiff’s removal, we find that plaintiff is not entitled to recover and that defendant’s motion for summary judgment should be granted. Plaintiff’s petition will be dismissed.
It is so ordered.
Laramore, Judge, concurs.