Per Curiam:
This is a suit for back salary by a veteran, removed from his position as a civilian attorney with the Army Signal Supply Agency, who claims that his separation was invalid. After several warnings directed at his being intoxicated on duty and absent without leave, plaintiff received from the Signal Supply Agency, on December 6, 1957, a notice of proposed removal on the grounds that (a) he had falsified his time and attendance records to indicate that he was on duty full time when he was not, (b) he was *574 intoxicated on duty on two distinct occasions, and (c) lie was insubordinate to the Commanding Officer of the Agency. Plaintiff’s written reply was considered and he was ordered removed. He was informed at that time that he could utilize the grievance procedure of the Department of the Army or could elect to appeal to the Civil Service Commission, but that if he followed the latter route he could not have his case reviewed under the departmental procedure. Pie chose to pursue the Army’s remedy and received a hearing at which witnesses testified. The grievance committee (composed of persons selected by the Chief Signal Officer from his own office) sustained the first two charges against plaintiff, and the order of removal was then affirmed by the Chief Signal Officer and the Secretary of the Army. Meanwhile, plaintiff sought to appeal to the Civil Service Commission, requesting that his appeal be held in abeyance until completion of the departmental proceeding. The Commission refused to delay the appeal, and the plaintiff then withdrew it — apparently in order to save his pending grievance proceeding within the Army. The Commission subsequently refused to reopen or reinstate the appeal.
In this court plaintiff contends that the charges against him were not supported by substantial evidence; that his removal was in bad faith and contrary to due process; that the Army failed to follow the applicable procedural law and regulations; and that he was deprived of his statutory right to appeal to the Civil Service Commission. Both parties moved for summary judgment. At the oral argument on these motions it was pointed out that plaintiff’s petition did not allege that the Army’s action was arbitrary, capricious, or grossly erroneous (as required by Buie 9(b) of the Buies of this court), and leave was granted plaintiff to amend his petition. An amended petition complying with Buie 9(b) but raising no new matter, as well as an amended answer, were filed. Both parties have indicated their intention to stand on the motions and briefs previously filed. We see no need for further oral argument since the issues now raised by the amended pleadings were earlier presented, the parties have not filed new briefs or motions, and adequate argument has already been had.
*575 There is no merit to plaintiff’s demand for judicial relief. Sufficient evidence sustained the charges on which removal was based, and on this record the sanction of removal cannot be termed arbitrary. Hoppe v. United States, 136 Ct. Cl. 559, 565. There was no denial of due process or fair procedure by the grievance committee, and no reason to believe that the proceedings were tainted by bad faith. No legislation was violated, and there was no substantial departure from any regulations of the Army or of the Signal Supply Agency. Plaintiff charges that a local Signal Supply Agency regulation bars disciplinary actions for offenses over a month old (which he says is his case). But the regulation he cites expressly excepts from the 30-day provision instances like plaintiff’s where the employee has previously been warned or disciplined and then shows “more current indication” of deficiencies; plainly, this short local “statute of limitations” was not to be applicable to chronic offenders. Finally, plaintiff chose to abandon his appeal to the Civil Service Commission; he was not deprived of any right by being put in the position of having to elect between that appeal and the Army’s grievance procedure. See Cuiffo v. United States, 131 Ct. Cl. 60, 63-4, 67-68; cf. Hart v. United States, 148 Ct. Cl. 10, 13.
Plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. The petition will be dismissed.
It is so ordered.