Frank SAKRAN, Plaintiff,

v.

John W. MACY, Jr., et al., Defendants.

Civ. A. No. 3645–62.

United States District Court
District of Columbia.

July 3, 1963.

Byron N. Scott, Washington, D. C., for plaintiff.

Gil Zimmerman, Asst. U. S. Atty. (David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., Joseph M. Hannon, Asst. U. S. Atty.), Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

This is a suit seeking a declaratory judgment to declare that plaintiff, an employee of the Veterans Administration who was retired as totally disabled in 1952 and who was rehired in 1958 as allegedly fully recovered, is entitled to have his name removed from the annuity rolls, to have annuity payments discontinued, to be classified as a "permanent" rather than a "temporary" employee, to receive his full salary, and to have his annuity computed *de novo* when he again retires so that his annuity then will be computed on the basis of his total service, rather than on the basis of his service up to 1952 and rates in effect in 1952. At present, plaintiff's annuity continues to be paid, and his current salary is reduced by the amount of the annuity payments. No deductions from his salary for retirement fund are being made, since he is deemed already retired. He is not included in the Federal employees Group Life Insurance coverage, and thus his survivors have no protection.

The defendants, the Civil Service Commissioners, have moved to dismiss the action for failure to state a claim upon which relief can be granted, and in the alternative for summary judgment. Plaintiff has also moved for summary judgment.

Plaintiff was 57 years of age when he retired for total disability in 1952. He was reemployed by the Government on April 28, 1958, when he was 63 years old. In 1961, plaintiff applied to the Civil Service Commission to have his status as a "reemployed annuitant" terminated, and to be recognized as a regular Federal employee, entitled to all rights and benefits now available to regular Federal employees. The Commission's Bureau of Retirement and Insurance ruled that the Civil Service Retirement Act, 5 U.S.C. §§

2251–2267, *requires* that the plaintiff's status as an annuitant remain unchanged. This decision was affirmed by the Board of Appeals and Review, and by the Commissioners themselves. The sole ground advanced for each of these actions within the Commission, and the sole ground advanced to support defendants' motion, is that Congress, in the Civil Service Retirement Act, has not given the Commission the *power* to strike a disability annuitant from the annuitant rolls if he recovers from his disability, or if his earning capacity is fully restored, after he reaches the age of 60.

5 U.S.C. § 2263(a) provides that an annuitant is not barred by reason of his retired status from employment in any appointive position for which he is qualified. An annuitant so reemployed serves at the will of the appointing officer, and is subject to the special financial provisions of § 2263(b). It is these special provisions which plaintiff seeks to be relieved of, and he argues that he is entitled to come under an exception to § 2263(b) which excepts from its coverage "a disability annuitant whose annuity is terminated by reason of his recovery or restoration of earning capacity * * *."

■■ The Civil Service Commission argues that this exception cannot, under the terms of the Act, be applied to anyone who is over 60 at the time of his re-

employment and recovery. The Commission, however, has underestimated the power which Congress has given it under the Act. It is true, as the Commission emphasizes, that 5 U.S.C. § 2257(c) provides that each employee who completes five years of civilian service and who is retired as disabled shall, unless his disability is permanent in character, be reexamined annually under the direction of the Commission until he reaches the age of 60.[1] It is also true that if such an annuitant recovers from his disability before reaching age 60, payment of the annuity must cease. 5 U.S.C. § 2257(d).[2] But it is apparent that the purpose of those sections was to check up on retired annuitants who may have recovered enough to work but who do not wish to do so, or who may be working and still collecting their annuity. Congress clearly provided that they must submit to annual physical examinations until age 60; thereafter they need not submit to such examinations, and if they choose, they can be left undisturbed with their annuity, regardless of recovery or work. This essentially negative purpose of these sections—with the Commission seeking examinations and the annuitant, presumably, resisting—is shown by the emphasis upon what happens if the annuitant "fails to submit to examination as required," 5 U.S.C. § 2257(c), and if his earning capacity is "deemed" restored, §

---

1. "Each annuitant retired under this section * * * unless his disability is permanent in character, shall at the expiration of one year from the date of such retirement and annually thereafter, until reaching age sixty, be examined under the direction of the Commission. If the annuitant fails to submit to examination as required under this section, payment of the annuity shall be suspended until continuance of the disability is satisfactorily established." 5 U.S.C. § 2257(c). Plaintiff's disability was not "permanent," although it was found to be (temporary and) "total."

2. "If such annuitant, before reaching age sixty, recovers from his disability, payment of the annuity shall cease upon reemployment by the Government or one

year from the date of the medical examination showing such recovery, whichever is earlier. If such annuitant, before reaching age sixty, is restored to an earning capacity fairly comparable to the current rate of compensation of the position occupied at the time of retirement, payment of the annuity shall cease upon reemployment by the Government or one year from the end of the calendar year in which earning capacity is so restored, whichever is earlier. Earning capacity shall be deemed restored if, in each of two succeeding calendar years, the income of the annuitant from wages or self-employment, or both, shall equal at least 80 per centum of the current rate of compensation of the position occupied immediately prior to retirement." 5 U.S.C. § 2257(d).

2257(d). Those sections, however, are completely silent about the power of the Commission to provide an examination and terminate the annuity of a reemployed annuitant who, although over 60, *wishes* to be examined and to have his annuity terminated. 5 U.S.C. §§ 2257(c) and (d) do not grant such power, but they do not, in terms, forbid it either.

■ Such power is, however, specifically granted in another section of the Act. Section 2266(c) provides that the Commission "may order or direct *at any time* such medical or other examinations as it shall deem necessary to determine the facts relative to the disability or dependency of any person receiving or applying for annuity under this chapter * * *." In addition, § 2266(a) provides that except as otherwise specifically provided, the Commission "is authorized and directed to perform, or cause to be performed, any and all acts * * * as may be necessary and proper for the purpose of carrying the provisions of this chapter into full force and effect." Thus the Commission has ample authority to examine plaintiff at plaintiff's specific request to determine whether he qualifies under the exception to § 2263(b) as "a disability annuitant whose annuity is terminated by reason of his recovery or restoration of earning capacity * * *."

If plaintiff can qualify under the terms of this exception, then—like those under 60 who are forced to come under the exception—plaintiff would no longer serve "at the will of the appointing officer," 5 U.S.C. § 2263(a), since he would no longer be a "reemployed" "annuitant" retaining "retired status." Ibid. And see § 2251(n), defining "annuitant" as one who "has met all requirements * * * for title to annuity and has filed claim therefor." Plaintiff would thus no longer be an "annuitant," but a regular Federal employee.

Plaintiff's motion for summary judgment will therefore be granted, and the case will be remanded to the Civil Service Commission for proceedings not inconsistent with this opinion.