Laramoee, Judge,
delivered the opinion of the court:
This suit is brought by a non-veteran formerly employed by the Department of the Navy at Portsmouth Naval Shipyard, Portsmouth, New Hampshire. He seeks to recover back salary on the ground that his separation from his position was procedurally defective.
The case arises on cross-motions for summary judgment, and the following facts are presented: Prior to May 12,1961, *440 plaintiff, Malcolm. H. Cook, a non-veteran, was employed as a ship fitter at the Portsmouth. Naval Shipyard. Plaintiff at that time had competitive status.
On January 18, 1961, plaintiff was observed by one Corp. Allen Weston, U.S.M.C., who had a newspaper concession in one of the buildings at the Shipyard, taking $2 in cash and 48 newspapers. Plaintiff confessed to the taking of the money and newspapers and signed an affidavit to that effect on the same day. Later Cook agreed to pay Corp. Weston $200 and received the following signed and witnessed statement from Corp. Weston:
I, Allen Yfeston, IJSMC, Ser. No. 1801116, hereby acknowledge receipt of $200 in cash from Mr. Malcolm Cook, which is payment for newspaper and money thefts from newsstand located in Bldg. 86 during the past four months; and with said payment I hereby release Mr. Cook from any future liability in connection with aforementioned thefts of newspapers owned by me.
On February 9, 1961, plaintiff was served with a warrant for his arrest in York Trial Justice Court, Maine, on a charge of larceny.
On February 15, 1961, plaintiff pleaded guilty to petit larceny and was fined $25. By letter dated March 27, 1961, plaintiff was given advance notice of his proposed removal from Government service. The letter stated in pertinent part:
1. This is an advance notice of proposed adverse action consisting of removal from Government service on 5 May 1961 because of theft of the property of others, first occurrence. This advance notice is issued you in accordance with the requirements of NCPI 750. The reasons for this proposed adverse action are as follows:
a. On 18 January 1961, at approximately 0705, you were observed by Corporal Adíen Weston, U.S.M.C., taking two one-dollar bills and 43 newspapers from the newspaper stand located on the first floor of Building 86. In an affidavit signed by you on 18 January 1961, you admitted taking the money and newspapers. You also stated that you threw some change on the counter, about 35 to 50 cents as to make it appear that you had paid for the newspapers.
b. At approximately 1415 on 18 January 1961, you and Mr. Byron Marshall, Jr., Shipyard Detective, went *441 to Building TB-123, near Building 174, and you produced two one-dollar bills from the rafters where you claimed to have placed them at 0810 on 18 January 1961. You stated that this was the money you had taken from the newspaper stand in Building 86 that morning.
c. On 15 February 1961, you were arraigned in York Trial Justice Court and pleaded guilty to a charge of larceny and you were fined $25.00. The fine was paid and you were released. [Restitution was also made to Corporal Weston in the sum of $200.00, which represented Corporal Weston’s losses over a period of 4 months.
2. Such conduct on the part of an employee is intolerable. This infraction is sufficiently serious to clearly violate management’s trust and has dissipated your value as an employee. Therefore, it is considered necessary to remove you from Government service.
3. The penalty for an offense of this nature ranges from reprimand to removal for the first occurrence. _
_ 4. In accordance with reference (a), you are given a 30 day advance notice of proposed removal action beginning 3 April 1961 and ending 4 May 1961. This proposed removal action is considered to be for such cause as will promote the efficiency of the Service. During this 30 day notice period, you will be carried on the rolls in a work status.
5. You are advised that you may reply, both personally and in writing, to this notification of proposed removal action, and you may submit affidavits in support of your statements. Your reply must be submitted not later than 10 April 1961.
6. You are also advised that upon request you will [sic] granted a hearing at which you will be given an opportunity to personally present your case. If you so elect, you may be represented by any two persons of your choice and may call witnesses who have direct knowledge of your case. If such a hearing is desired, written request must be submitted not later than 10 April 1961.
By letter dated March 28, 1961, plaintiff replied to the March 27,1961 letter, as follows:
1. Reference (a) was a notice of proposed adverse action to remove me from Government service because of theft of the property of others, first occurrence.
2. I have paid a fine of $25.00 and made restitution in the amount of $200.00 which was satisfactory to Corporal Weston, and because of this, I feel the Shipyard action is a double penalty. In addition, the offense *442 occurred on my own time and did not concern Government owned property. I also believe that the penalty of removal is too severe for the first offense.
3. I request a hearing as advised in paragraph 6 of reference (a).
On May 4,1961, plaintiff was advised as follows:
1. This is a notice of decision to remove you from government service on 5 May 1961 because of theft of property of others, first occurrence. This notice of adverse decision is issued in accordance with the requirements of NCPI 750, and is considered to be for such cause as will promote the efficiency of the service. The reasons for this removal action are described in enclosure (1), which is forwarded in lieu of restating the charges and specifications presented in the advance notice of the proposed adverse action.
2. A hearing in connection with this proposed adverse action was held at your request on 14 April 1961, at which you were given full opportunity to submit any affidavits and to. make any replies you deemed fit. All evidence, affidavits and replies submitted by you orally and in writing have been considered. It has been found that the charge of theft of property of others, first occurrence, is fully established.
3. You have the right to appeal this action to the fourth stage of the Department of the Navy grievance procedure.^ accordance with the rules and time limits specified in NCPI 770. You also have the right to appeal this action to the Regional Director, First Civil Service Region, U.S. Post Office and Courthouse Building, Boston 9, Massachusetts, within ten calendar days after the effective date of the adverse action provided a prima facie case is established that:
a. The procedure prescribed by the Commission under Part 9.102(a) (1) of the Civil Service Regulations was not followed.
b. That the administrative requirements of NCPI 750, or any other instruction issued under this NCPI by the Bureau of Ships, or by the Portsmouth Naval Shipyard were not followed; or
c. That the adverse action was taken for political reasons,except as may be required by law, or resulted from discrimination because of marital status or physical handicap.
You are also advised that if you appeal to the Commission under the foregoing conditions, you may appeal through the Department of the Navy grievance proce *443 dure witbin fifteen workdays after receipt of the Commission’s decision. In such case, those aspects of the appeal upon which a determination was made by the Commission will not be given further consideration by the Department of the Navy. For assistance in making an appeal, you may contact the Industrial Eelations Office (Code 160).
On May 5, 1961, plaintiff was advised that the effective date of his removal was changed from May 5,1961 to May 12, 1961. The extension was for the purpose of permitting him to use 41 hours of annual leave that had accrued to him over and above his annual leave ceiling. The May 5, 1961 letter also transmitted to plaintiff a copy of the transcript of the disciplinary hearing of April 14,1961, and plaintiff was requested to indicate any disagreement he may have with the hearing proceedings. Plaintiff was separated from his position effective May 12, 1961.
Thereafter, plaintiff appealed his separation to the Secretary of the Navy and was advised by letter dated August 18, 1961 that his appeal was denied.
Plaintiff also appealed his separation to the Civil Service Commission. By letter dated July 27, 1961, the Eegional Director, First TJ.S. Civil Service Eegion, upheld plaintiff’s separation. By a letter dated September 28,1961, the Board of Appeals and Eeview, Civil Service Commission, upheld the agency’s action in separating plaintiff.
This petition was filed February 14,1962, wherein plaintiff contends that his separation was in violation of Navy regulations designated as NCPI 750 and NCPI 770 and that the alleged violation rendered his separation procedurally defective.
Specifically, plaintiff says the regulation designated as NCPI 7501 2-3b was violated. This regulation provides:
Necessary disciplinary action shall be initiated promptly after management learns of the offense, unless it is impossible to do so because of special circumstances which preclude immediate action.
We can see no violation of this particular regulation. The theft occurred on January 18,1961; he was charged and arrested on February 9, 1961; he pleaded guilty and was fined on February 15, 1961; the advance notice of proposed *444 removal was issued March 27, 1961. Under these circumstances, we believe there was substantial compliance with the regulation; i.e., the agency did not act with undue haste and waited until it was finally determined by a court that plaintiff was guilty. At this stage it cannot be said that the agency unreasonably delayed action. Following the February 15', 1961 court action, the advance notice of removal was given plaintiff on March 27, 1961. This notice was given after submission of a report by plaintiff’s immediate supervisor, endorsement by the department head, an interview accorded plaintiff with his immediate supervisor, an interview with the person whose property was taken by plaintiff, and a report from the leading man to the department head. This all took some time, but we cannot say that there was unreasonable delay in processing plaintiff’s removal. Accordingly, we hold that Regulation NCPI 750 2-Bb was clearly complied with.
Plaintiff next complains of a violation of Regulation NCPI 750 2-3d(l) and enclosure (1), item 25, which Regulation reads as follows:
The penalty imposed or assigned shall be the minimum which may reasonably be expected to correct the employee and maintain general discipline and morale.
Enclosure (1), item 25, states that for theft of the property of others, first offense, the minimum penalty is a reprimand and the maximum penalty is removal.
Clearly, under the regulation quoted and under enclosure (1), item 25, the penalty applied is discretionary with the agency. This court has, in the past, refused to substitute its judgment for that of the agency relative to the penalty imposed on an employee. In other words, this court might not have dismissed the employee for the offense, but as we said in Hoppe v. United States, 136 Ct. Cl. 559, 565 (1956), cert. denied 855 U.S. 816 (1957):
* * * Perhaps outright removal would not have been the remedy we would have chosen. Perhaps a transfer to another position so he could have remained in the service if he desired to do so, might have been a more appropriate action. But our function is limited to judicial review. We cannot say that plaintiff’s supe *445 riors stepped beyond the limits of allowable discretion in removing him.
Since the Hoppe case, supra, this court has consistently maintained this position. Lawyer v. United States, 147 Ct. Cl. 501, cert. denied 362 U.S. 977 (1960); Guiness v. United States, 149 Ct. Cl. 1, 6, cert. denied 363 U.S. 819 (1960). Furthermore, the determination of whether to separate an employee for the efficiency of the service is within the peculiar competence of the employing agency. Indwiglio v. United States, 156 Ct. Cl. 241, 299 F. 2d 266, cert. denied, 371 U.S. 913 (1962); Harringtons. United States, 161 Ct. Cl. 432 (1963).
In connection with the above contended violation, plaintiff complains that because he made restitution to Corp. Weston he should not have been removed. Clearly, this fact was taken into consideration by the agency, as is evidenced by the proposed removal notice, and we can find nothing in this contention which shows unreasonableness or such as to set aside a proper removal. As a matter of fact, this court has refused to strike down a separation when an employee was acquitted of a charge. Bryant v. United States, 122 Ct. Cl. 460, cert. denied 344 U.S. 913 (1953); Finn v. United States, 152 a. Cl. 1 (1961). Clearly, NCPI 750 2-3d(l) and enclosure (1), item 25, was not violated, and the agency did not abuse its discretion in removing plaintiff.
Plaintiff next contends that Regulation NCPI 750 5-3c(3) was violated. This regulation provides:
The advance notice shall state any and all reasons for the proposed adverse action, specifically and in detail, including dates, specific instances and other data, sufficient to enable the employee to fully understand the charges and to adequately join issue with the proposed action * * *.
Plaintiff contends that the statement of charges in the advance notice is defective for three reasons: (1) it increases the charge of the offense from petit larceny to larceny; (2) it accuses him of previous offenses without specifically and in detail specifying same; (3) it charges him with crimes he never committed.
We have difficulty understanding just how the advance *446 notice increased the charge. Larceny is defined in Blade?s Law Dictionary (2d Ed.) as “the unlawful taking and carrying away of things personal with intent to deprive the rightful owner of same.” Certainly the letter of charge embraced all of the above elements. Plaintiff was, in the letter of charges contained in the notice set out earlier, only charged with “theft of the property of others,” and the facts supporting the charge were recited in the advance notice of removal. Consequently, we cannot glean from the record any fact or evidence that the charge was increased.
With regard to reason (2) 'above, we can find nothing in the charges which accused plaintiff of any other or previous offense, nor does plaintiff point to any.
Respecting reason (3) above, the record discloses no charge of other crimes and plaintiff has directed us to none. Plaintiff was accused of but one offense, i.e., theft of property of others, and he was specifically informed of everything in connection with the offense. Thus, we find no merit in the above contention of plaintiff.
Plaintiff next contends that Regulation NCPI 770' 2-lf (1) was violated. This regulation provides in pertinent part, as follows:
If the case is forwarded to the commanding officer, he shall convene the Grievance Advisory Committee * * *.
Plaintiff says this was not done.
The short answer to the above contention is that Regulation NCPI 770 has nothing to do with the action taken in plaintiff’s case. NCPI 770 is entitled “Grievances and Complaints.” Clearly this regulation relates to aspects of an employee’s working conditions and relationships which are outside his control. It was Regulation NCPI 750, entitled “Disciplinary Action,” under which plaintiff was charged and removed. Furthermore, this was clearly spelled out in the notice of proposed action.
Next plaintiff contends that Regulation NCPI 750 5-3d was violated. This regulation provides, among other things, as follows:
The adverse decision must restate the charges and specifications _ presented in the advance notice of the proposed action and must include the findings made with respect to each charge specifically identified.
*447 Plaintiff says the notice of decision is defective in two particulars: First, the advance decision did not restate the charges, etc.; secondly, no finding of fact was made by the disciplinary board.
Respecting the above contention, the agency attached the original letter of charges to its decisional letter of May 4, 1961. The letter, of course, contained the charges and specifications. This, we think, was a sufficient compliance with the regulation. Kenny v. United States, 134 Ct. Cl. 442, 145 F. Supp. 898, cert. denied 352 U.S. 893 (1956). Respecting plaintiff’s second contention above, the only finding necessary was that plaintiff be removed because of the “theft of property of others,” which charge was fully established. This finding was made and plaintiff was so notified.
In conclusion, it is our opinion that all procedural requirements, at least substantially, were met. Accordingly, plaintiff’s removal was valid, and plaintiff is not entitled to recover. Plaintiff’s motion for summary judgment is denied, defendant’s cross-motion is granted, and plaintiff’s petition is dismissed.