Laramorb, Judge,
delivered the opinion of the court;
Plaintiff, a veterans’ preference eligible and former Revenue Officer, GS-9, contends that his removal from the Internal Revenue Service was arbitrary and unreasonable. He sues for the amount of pay lost during the period of his removal.
The facts are: Plaintiff was removed for cause on charges that he received and accepted compensation from taxpayers, in addition to his government salary, for services in connection with the preparation of taxpayers’ Federal income tax returns in violation of the Internal Revenue Manual.
Section 1943.6 of the Internal Revenue Manual, entitled “Prohibition Against Outside Employment,” issued July 27, 1960, provides in pertinent part:
(5) Preparation of Tax Returns for Compensation. No Revenue Service employee may accept for himself, a member of his family, or for any other person or any organization, any compensation, gift, emolument, or favor for preparing income tax returns for any individual or private agency, firm, or business. In view of 18 U.S.C. 281, the Revenue Service has held that all employees are prohibited from accepting any compensa *93 tion, other than their official salaries, for preparing income tax returns or for rendering any other service in matters in which the United States is a party or is directly or indirectly interested. The statutory prohibition (18 U.S.C. 1914) relating to the receipt of salary from a private source for rendering the same or similar services to both the Federal Government and a private individual or corporation is equally applicable to this type of outside activity.
In connection with the above regulation, there is no question and plaintiff does not deny that he received several payments for preparation of income tax returns for various individuals.
Employees of the Office of Collector of Internal Revenue in Boston (in which office plaintiff was employed), were issued a notice dated October 30, 1951, which provided in part :
Technical knowledge of Internal Revenue law possessed by an employee of the Collector’s Office is regarded as belonging to the public. Regulations have previously been issued and conveyed to all Collector’s personnel to the effect that acceptance of a fee, gratuity, honorarium or other compensation of any description for rendering a service to the taxpaying public is strictly prohibited. This applies not only during scheduled work hours but, also, on the free time of all employees.
COLLECTOR’S PERSONNEL ARE REMINDED THAT THIS RULE WILL BE STRICTLY ENFORCED AND ANY KNOWN INSTANCE OF VIOLATION MUST NECESSARILY REQUIRE DISCIPLINARY ACTION. SERVICE TO THE TAXPAYING PUBLIC MAY BE DEFINED TO EMBRACE ANY ACTIVITY ON THE PART OF AN EMPLOYEE IN THE FORM OF ASSISTANCE, EXPLANATION OR INSTRUCTION THAT PERTAINS TO A TAXPAYER’S INTERNAL REVENUE AFFAIRS IN ANY MANNER OR FORM.
Employees were instructed to receipt and signify their understanding of the notice by returning a signed duplicate. Plaintiff returned a signed duplicate on October 31, 1951.
A similar notice was issued to employees of the Office of the Director of Internal Revenue. On July 3, 1952, plaintiff certified that he had received this notice.
*94 Circular No. 19, entitled “Gratuities,” issued on December 15, 1953 by the District Director in Boston, contained essentially the same language as that quoted from the October 30 notice. Plaintiff subscribed to this notice the following:
My' signature inscribed below will serve to indicate that I have read the foregoing notice and am thoroughly informed with respect to Bureau regulations concerning acceptance of compensation for services rendered to taxpayers.
Thus, there can be no doubt that plaintiff knew of the prohibition against outside employment, acceptance of' a fee, or gratuity, and knew that said rules would be strictly enforced.
On May 8,1963, plaintiff was served with a notice of proposed removal which precisely advised him of the offenses charged. He was advised of his right to answer personally and in writing and did orally reply.
By letter of June 10, 1963, the District Director notified plaintiff that Charge 1[1] and the supporting specifications[2] *95 were sustained and that plaintiff would be removed as of June 21, 1963. Accordingly, plaintiff was so removed on June 21, 1963.
Plaintiff exhausted his appeals to the Civil Service Commission; hearing was had at which plaintiff attended together with his representative. The agency’s action’ was sustained,in an opinion by the Appeals Examiner issued October 11, 1963. The Board of Appeals and Eeview affirmed on December 13,1963.
Supplementing a request for reconsideration, plaintiff’s representative wrote to the Civil Service Commission on June 5, 1964 that plaintiff was told at the time of his oral reply to the District Director his conduct was generally considered automatic cause for removal. Plaintiff’s representative suggested for the first time that this indicated plaintiff’s reply was not properly considered. In a letter dated July 16, 1964, plaintiff’s attorney was informed that after full consideration of the facts and circumstances it was decided that reopening of plaintiff’s appeal was not warranted.
Plaintiff filed this action on July 29, 1964, seeking back pay from the time of his removal on June 21,1963, contending despite his admitted violation of the Internal Revenue regulation that removal therefor was arbitrary and unreasonable.
At the outset it is noted that plaintiff was removed in accordance with the procedures required by statute and regulation. Plaintiff does not challenge this. Under these circumstances, this court will not review the action of the agency to determine whether there was just cause for removal. Eberlein v. United States, 257 U.S. 82, 84 (1921); Harrington v. United States, 161 Ct. Cl. 432 (1963).
It is only if the action of the District Director was shown to be arbitrary, capricious or so grossly erroneous as to imply bad faith that plaintiff’s removal could be upset. Love v. United States, 119 Ct. Cl. 486, 493, 98 F. Supp. 770, 774, cert. denied, 342 U.S. 866 (1951).
Plaintiff makes a naked allegation that the decision of the District Director was arbitrary, but points to nothing specific. This probably is a fatal defect in plaintiff’s petition. Crump *96 v. United States, 143 Ct. Cl. 804, 805 (1958); Ray v. United States, 144 Ct. Cl. 188, 193 (1958).
Furthermore, plaintiff pursued an appeal through the Civil Service Commission which upheld the action of the agency. The decision of the Civil Service Commission is final and conclusive unless arbitrary or otherwise unlawful. Blackmon v. United States, 128 Ct. Cl. 288, 120 F. Supp. 774 (1954); Hoppe v. United States, 136 Ct. Cl. 559 (1956), cert. denied, 355 U.S. 816 (1957); Eclov v. United States, 137 Ct. Cl. 341, 343 (1957). No allegation of arbitrary action on the part of the Civil Service Commission is made and this too is probably a fatal defect in plaintiff’s petition. However, looking at the agency’s action and the Civil Service Commission’s affirmance, we can find no evidence of arbitrary or unlawful action on the part of either. Plaintiff was removed for accepting money in violation of all the rules and regulations of the agency and he does not deny it. He knew of the prohibition against the acceptance of money. His removal, therefore, was warranted under this court’s holding in Mulligan v. United States, 149 Ct. Cl. 415 (1960).
The only excuse offered by plaintiff is that the amount of money accepted was small and consequently the penalty imposed was too severe. This court has many times held that the matter of penalty is within the discretion of the agency. Dulcy v. United States, 149 Ct. Cl. 153, 284 F. 2d 687 (1960); Hoppe v. United States, supra; Cook v. United States, 164 Ct. Cl. 438 (1964); De Nigris v. United States, 169 Ct. Cl. 619 (1965).
In De Nigris v. United States, at page 625, this court stated:
Although to another it may seem harsh, an agency’s decision to dismiss for improper conduct of a substantial nature, rather than to impose some lesser form of disciplinary action, will not be disturbed. Harrington v. United States, 161 Ct. Cl. 432 (1963). It is only where the transgression is so minor, and a discharge based thereon so “unduly harsh and unwarranted,” that the dismissal could be considered as constituting “an abuse of discretion * * * that demands redress by this court.” Clark v. United States, 162 Ct. Cl. 477, 484 (1963). The offense for which plaintiff was here charged does not fall in such a category.
*97 In. the circumstances of this case we think the language of the Be Nigris opinion is especially controlling the offense
for which plaintiff was charged was not so minor that a discharge based thereon would be unduly harsh and unwarranted as to constitute an abuse of discretion. Plaintiff’s actions were flagrant violations of rules and regulations. The acceptance of money was for a service required to be furnished without charge. Moreover, he did not violate the rules just once but on several occasions in several years. In connection with plaintiff’s actions, we cannot escape the fact that Eevenue Agents probably are unpopular per se with some taxpayers. Consequently, they owe a duty to be conscientiously honest, and above board, in all their dealings with the taxpaying public. Neither the agency nor this court can condone the actions of plaintiff.
Defendant’s motion for summary judgment is granted and plaintiff’s cross-motion is denied. Plaintiff’s petition is dismissed.

 “That you aid receive and accept from taxpayers, compensation in addition to. your government salary, for services which you rendered in connection with the preparation of their Federal income tax returns.”

 “Specification 1: Xou prepared the 1959, 1960, and 1961 Federal income tax returns for Mr. Walter W. Kuczin, 12 Cambridge Road, Norwood, Massachusetts. For the preparation of these returns you received and accepted $10.00 for each return.”
“Specification 2: Xou prepared the 1956, 1957, and 1958 Federal tax returns for Mr. Dómenle T. DiBlasi, 28 Seventh Street, Medford, Massachusetts. The 1956 Federal tax return was prepared by you at Mr. DiBlasi’s place of employment (Granara Plumbing Company, 188 North Street, Boston). The 1957 and 1958 tax returns were prepared by you at Mr. DiBlasi’s home. All the returns cited above were prepared by you from data that Mr. DiBlasi supplied. For the preparation of these returns you accepted and received $15.00 for each return.”
“Specification 3: Xou prepared the Federal income tax returns for Mr. Joseph Coppola, 56 Franklin Street, Chelsea, Massachusetts, for the years 1957, 1958, 1959, 1960 and 1961 from data supplied to you from Mr. Coppola. For the preparation of each of these returns, except 1961, you accepted and received $10.00. For the preparation of the 1961 return you received a gift of $10.00 but returned $5.00 to Mr. Coppola, stating the $5.00 was enough.”
“Specification 4: Xou assisted Mr. Michael A. Coppola, 10 Porter Street, Somerville, Massachusetts, in the preparation of his Federal tax returns for the years 1959, 1960 and 1961. These returns were prepared at Mr. Coppola’s residence with data furnished by Mr. Coppola. For the preparation of each of these returns .you received and accepted, according to your own sworn affidavit to representatives of the Service on January 23, 1963, either a fifth of whiskey or $5.00.”