Cowen, Chief Judge,
delivered tlie opinion of the court:
Plaintiff, a retired civilian employee of the Veterans Administration, brought this action to recover amounts withheld from bis annuity payments by the Civil Service Commission. The sums withheld represent deductions from *833 plaintiff’s annuity of 10 percent of the balance due on his retirement annuity account because of the fact that no retirement deductions were made from his salary from April 28, 1958 to December 27, 1963, or a deposit paid to the annuity account in lieu thereof. In resolving the issues before us, we are called upon to determine whether certain actions taken by the Civil Service Commission, pursuant to its interpretation of the Civil Service Retirement Act, comply with the decision of the United States District Court for the District of Columbia in a prior suit by plaintiff, Sakran v. Macy, 218 F. Supp. 756 (1963), and the law applicable to plaintiff’s case.
As of September 1, 1952, plaintiff retired voluntarily because of total disability at the age of 57 and was awarded a disability annuity. Upon recovery from the disability, he was reemployed by the same agency on April 28,1958, after having attained age 63. Acting upon its interpretation of 5 U.S.C. § 2263 (b) (1952 ed. Supp. V) ,[1] the Commission continued to pay plaintiff the annuity he had received as a result of his 1952 retirement, made no deductions from his salary for the retirement fund, and reduced his salary by a sum equal to the annuity allocable to the period of his employment.
Plaintiff protested this action by contending that, since he was a disability annuitant who had recovered and had been reemployed, he should be carried on the rolls as a regular employee, that the annuity should be discontinued, and that retirement fund deductions should be made from his salary.
Upon the Commission’s refusal to comply with his request, plaintiff filed suit in the district court seeking a declaratory judgment to the effect that he was entitled “to have his name removed from the annuity rolls, to have annuity payments discontinued, to be classified as a ‘permanent’ rather than a *834 ‘temporary’ employee, to receive bis full salary, and to home his annuity computed de novo when he again retires so that his annuity then will he computed on the basis of his total service, rather than on the basis of his service up to 195%? [Emphasis supplied.] On July 3, 1963, tbe district court granted plaintiff’s motion for summary judgment and remanded the case to the Commission for proceedings not inconsistent with the opinion. Sakran v. Macy, supra. On November 12,1963, the Bureau of [Retirement and Insurance of the Commission directed the Veterans Administration to begin making retirement deductions from plaintiff’s salary and matching agency contributions effective November 1, 1963. However, no employee contributions were made to plaintiff’s retirement annuity account for the period beginning April 28, 1958, and ending November 1, 1963. Plaintiff’s annuity was terminated as of October 31, 1963, and amounts equal to the annuity were not thereafter withheld from his salary. The Veterans Administration was also notified that when plaintiff retired, he would be entitled to have his annuity computed on the basis of his total service under the law in effect at the time of his retirement.
Because of injuries sustained as a result of an automobile accident, plaintiff again retired on December 27, 1963, after having served an additional period of almost 6 years. On February 14, 1964, he was notified by the Commission that, if he wished to receive a full annuity computed on his total service, he would be required to deposit the sum of $4,528 to cover the period of service during which no retirement deductions had been made from his salary. Plaintiff was asked to respond within 30 days and was notified that if he did not do so, the amount of his annuity would be reduced. On February 25, 1964, he wrote the Commission regarding survivor benefits but said nothing regarding the deposit. Accordingly, after the 30-day waiting period had expired, the Commission awarded him an annuity based upon his total service of 38 years, 10 months, and 17 days and his highest average salary over a 5-year period during his second tour of duty. As so computed, his annuity amounted to $753 per month, and this was reduced by 10 percent of the unpaid deposit, or to a monthly payment of $713.
*835 On April 15, 1964, plaintiff, through his attorney, wrote the Burean of Betirement and Insurance, requesting that the deductions from plaintiff’s annuity be discontinued by reason of the provisions of 5 U.S.C. § 2265 (b) (1952 ed. Supp. IY) and that the amounts previously withheld be refunded to plaintiff. The Bureau responded that there was no provision in the law which authorized the Civil Service Commission to waive the deposit requirement. That denial was affirmed on appeal by the Commission’s Board of Appeals and Beview on October 9,1964.
Plaintiff attacks the disposition of his case by the Commission on two grounds. First, he argues that his reinstatement was inconsistent with the district court’s order in that the Commission should have ordered his reinstatement as a permanent employee retroactive to April 28, 1958, rather than as of November 1,1963, and that the Veterans Administration should have made the deposits to plaintiff’s retirement annuity account that would have otherwise been deducted from his salary. From this premise, he contends that he was entitled to a full annuity without deduction for the unpaid deposit and upon the basis of his total period of service. The complete answer to this contention is that in calculating plaintiff’s annuity, the Commission complied fully with the decision of the district court and the applicable law.
The deduction from plaintiff’s annuity for failure to make the deposit of $4,528 was in strict accord with the command of 5 U.S.C. §§2254(c) and 2259(f) (1958 ed.). Section 2254(c) (Section 4(c) of the Civil Service Betirement Act) provides that:
Each employee or Member credited with civilian service after July 31, 1920, for which, for any reason whatsoever, no retirement deductions or deposits have been made, may deposit with interest an amount equal to the [prevailing] percentages of his basic salary received for such service.
Section 2259 (f) requires that:
The annuity as hereinbefore provided shall be reduced by 10’ per centum of any deposit described in section 2254(c) of this title remaining unpaid, unless the em *836 ployee or Member shall elect to eliminate the service involved for purposes of annuity computation.
The Civil Service retirement system requires joint deposits by employee and employer in order to build up over the years a fund out of which the annuities may be paid. Congress recognized that as a result of various contingencies that would arise, there would be employment periods during which no deductions would be made from an employee’s salary for deposit in the retirement fund. Consequently, Congress declared that if the employee wishes to get the benefit of a full annuity, he must make the specified contribution. It did this by providing in clear and unequivocal language that where for any reason whatsoever, retirement deductions from the employee’s salary or an equivalent deposit to the fund are not made, the employee’s annuity shall be reduced by 10 percent of the deposit unless the employee elects to eliminate the service involved for the purposes of computing his annuity. The law was applied in exactly that manner in this instance. Plaintiff was given the option of making the deposit and of receiving an annuity based upon his total service, or of having his annuity computed on the basis of that total service but reduced by 10 percent of the unpaid deposit. If plaintiff had elected to eliminate the additional 6 years in which he was reemployed, his new annuity would have been computed upon the basis of about 33 years of service rather than upon approximately 38 years of service. In fact, his annuity was computed on the basis of his total employment but reduced by 10 percent of the amount of the deposit upon his decision not to pay the deposit within the time required. This was all that plaintiff was entitled to under the law and by the order of the district court. We find nothing in the court’s order which directed that his conversion to permanent status be made retroactive and that the Government make the specified deposits to the retirement fund in order to avoid the reduction in his annuity. Plaintiff sought no such relief in his suit in the district court. Had he done so, we are confident that the court would have rejected the plea on the ground that it is precluded by the congressional mandate.
*837 For bis second contention, plaintiff relies on the provisions of 5 U.S.C. § 2265 (b), which reads:
Notwithstanding any other provision of law, there shall be no recovery of any payments under this chapter from any person when, in the judgment of the Commission, such person is without fault and. such recovery would be contrary to equity and good conscience; * * *
We do not question plaintiff’s assertion that he was in no way at fault in failing to make contributions to the retirement fund during the period April 28, 1952 to November 1, 1963, but it does not follow that his claim falls within the purview of Section 2265(b). On the contrary, it is abundantly clear from the statutory language and from its legislative history that Section 2265(b) does not apply to an annuitant in plaintiff’s position.[2] As plaintiff has acknowledged in Ms brief, that section was enacted to afford relief to annuitants who, through error, had received annuity benefits to which they were not lawfully entitled and for whom a refund of the amount received would, in the judgment of the Civil Service Commission, work such a hardship upon the employee that the repayment would be contrary to equity and good conscience.
Section 2265 (b) was added to the Civil Service Retirement Act on June 26,1944, by Public Law 351,78th Cong., 2d Sess., 58 Stat. 326. Prior thereto, the law provided that when annuity payments were illegally made to any annuitant, the annuity which he was receiving was to be suspended until the unlawful payment was refunded to the Government. As a result of the hardship suffered by some employees through the enforcement of the applicable law, the Civil Service Commission sponsored a bill which would authorize it to waive refunds of annuity payments unlawfully received when, in the judgment of the Commission, the employee concerned Avas without fault and the recovery from him would be contrary to equity and good conscience. The authority requested was granted and is now contained in Section 2265 (b).
*838 Here, the plaintiff has not been paid any annuity benefits to which he was not lawfully entitled, and no demand or request has been made upon him to refund an illegal payment in order to continue the enjoyment of his annuity. The facts in his case simply do not fall within the provisions of Section 2265(b).
Even if it were found that Section 2265 (b) is applicable to plaintiff’s case, he would be faced with the fact that the granting of relief under that section rests within the judgment of the Civil Service Commission. There is no allegation or claim here that the Commission exercised its discretion in an arbitrary or capricious manner. In such cases, the courts will not substitute their judgment for the discretion exercised 'by the responsible officials. Dismuke v. United States, 297 U.S. 167 (1936).
For the reasons stated, plaintiff’s motion for summary judgment is denied; defendant’s motion for summary judgment is granted, and plaintiff’s petition is dismissed.

 5 U.S.C. § 2263(b) (1952 ed. Supp. V) provides in pertinent part:
If an annuitant under tills chapter (other than (1) a disability annuitant whose annuity is terminated by reason of his recovery or restoration of earning capacity) * * * hereafter becomes employed * * * in an appointive * * * position, his service on and after the date he was or is so employed shall be covered by this chapter. No deductions for the fund shall be withheld from his salary, but there shall be deducted from his salary * * * a sum equal to the annuity allocable to the period of actual employment * * * .

 See H. Hep. 1396, Committee on Civil Service, 78th Cong,, 2d Sess., 1941; S. Rep. 804, Committee on Civil Service, 78th Cong., 2d Sess., 1944,