"This case, before the court on Cross-Motions for Summary Judgment, and Defendant’s Motion to Strike Plaintiffs Exhibit 1, involves an alleged illegal removal of plaintiff from his position as an Air Traffic Control Specialist (GS-9) with the Federal Aviation Administration (FAA). Plaintiff seeks restoration of his position and back pay.
"Plaintiff was removed from his position with the FAA on the basis of an unsatisfactory attendance record. Alleging that his termination was the result of racial discrimination, plaintiff unsuccessfully contested his removal administratively, including an appeal to the Civil Service Commission (CSC). The CSC Board of Appeals and Review upheld the removal action. Plaintiff here claims that his removal was the result of racial discrimination, that the decision of the CSC upholding the removal was arbitrary and capricious, and the penalty of removal was so *975 disproportionate to the offense involved as to constitute an abuse of discretion.
"The scope of judicial review by this court in Federal employee cases is well defined. Judicial action is normally restricted to reviewing the administrative action so as to determine (1) whether there has been compliance with prescribed statutory and procedural requirements, and (2) whether the dismissal was arbitrary, capricious, so grossly erroneous as to imply bad faith, or not supported by substantial evidence. Power v. United States, 209 Ct.Cl. 126, 129-130, 531 F.2d 505, 507 (1976); Boyle v. United States, 207 Ct.Cl. 27, 34, 515 F.2d 1397, 1401 (1975); Poschl v. United States, 206 Ct.Cl. 672, 691-692 (1975); Ricci v. United States, 205 Ct.Cl. 687, 693, 507 F.2d 1390, 1393 (1974); Grover v. United States, 200 Ct.Cl. 337, 343 (1973); Bielec v. United States, 197 Ct.Cl. 550, 560-561, 456 F.2d 690, 696 (1972); Morelli v. United States, 177 Ct.Cl. 848, 858 (1966); Liotta v. United States, 174 Ct.Cl. 91, 95-96 (1966); and cases cited in the foregoing cases. As the court has stated, '[i]t is not our function to substitute our judgment for that of the employing agency or the Civil Service Commission; rather, we review the case to determine whether their action was reasonable in light of all the evidence.’ Boyle v. United States, supra, 207 Ct.Cl. at 34, 515 F.2d at 1401; Sakran v. United States, 176 Ct.Cl. 831 (1966); Harrington v. United States, 174 Ct.Cl. 1110, 1116-1117 (1966); Guiness v. United States, 149 Ct.Cl. 1, 6, cert. denied, 363 U.S. 819 (1960). Similarly, the measure of the penalty, absent some showing of abuse, is within the discretion of the agency. Grover v. United States, supra, 200 Ct.Cl. at 353; Birnholz v. United States, 199 Ct.Cl. 532 (1972); Heffron v. United States, 186 Ct.Cl. 474, 484, 405 F.2d 1307, 1312 (1969); Liotta v. United States, supra, 174 Ct.Cl. at 96; DeNigris v. United States, 169 Ct.Cl. 619, 625 (1965).
"Plaintiff contends that his separation was not made to promote the efficiency of the service, but was effected, at least in part, because of racial discrimination. Assuming arguendo that this court has jurisdiction to hear cases where racial discrimination is but one element of arbitrary and capricious personnel action, the record in this case *976 does not support such an allegation. Plaintiff admits to the four occasions in which he was absent without leave, which are set forth in the Notice of Proposed Removal. Furthermore, the penalty of removal was consistent with the FAA’s Table I Penalties for Delinquency or Misconduct.
"Having reviewed the administrative decision, we find that it is supported by substantial evidence, is neither arbitrary nor capricious, and is otherwise legally correct. Furthermore, there has been no showing that the agency abused its discretion in ■ discharging plaintiff.
"it is therefore ordered that defendant’s Motion for Summary Judgment be and is hereby granted, that defendant’s Motion to Strike Plaintiffs Exhibit 1 be and is hereby denied, that plaintiffs Motion for Summary Judgment be and is hereby denied, and that plaintiffs Petition be and is hereby dismissed.”