This suit for back pay and reinstatement, transferred from the United States District Court for the Northern District of California, is before the court on the parties’ cross-motions for summary judgment. Plaintiffs are former civilian employees of the Naval Electronic Systems Engineering Center (NESEC), Department of the Navy, at Vallejo, California, who were removed.for "knowingly and repeatedly filing false travel claims for reimbursement.” Plaintiffs contend that the penalty imposed was too harsh and therefore the February 27, 1979, decision of the Merit Systems Protection Board (board) upholding their removal constitutes an abuse of discretion; plaintiffs also allege that the board decision is not supported by substantial evidence. We find no merit in plaintiffs’ allegations and grant defendant’s motion for summary judgment.
Plaintiffs were removed from employment as a result of an investigation conducted by the Naval Investigative Service. The investigation revealed that certain receipts for *682 lodging which were attached to plaintiffs’ travel claims for reimbursement did not represent true receipts.
For the periods March 31, 1977, through April 4, 1977, and October 4, 1977, through October 11, 1977, plaintiffs each submitted a receipt for cabin accommodations at the Lemoore Marina Resort in Lemoore, California, at a cost of $20 per night when, in fact, the men had rented a motor home parking space for $3.50 a day. Plaintiffs acknowledged that they were only charged $3.50 a day at the Lemoore Marina Resort but justified claiming a higher amount in order to compensate them for other expenses incurred in operating the motor home. Plaintiffs sought to recover maintenance, depreciation, and interest expenses although they ., were aware that these costs were not reimbursable under the joint travel regulations. Based on plaintiffs’ own admissions, this charge against plaintiffs was sustained by the board.
Plaintiffs were also charged with submitting false reimbursement claims in connection with the rental of a house located in San Jose, California, for the periods April 4,1977, through April 27, 1977, and October 21, 1977, through October 31, 1977. According to Jack V. Doty of the California Brokers Exchange, plaintiffs’ total charge was $493; plaintiffs nonetheless claim that they each paid $493. Plaintiffs allege that the special agent in charge of the investigation threatened Doty and forced him to make this inaccurate statement. The board determined that Doty’s affidavit was more reliable than the parties’ own self serving testimony.
We find that the board decision is fully supported by the evidence. Plaintiffs admitted that they did not pay $20 a night for lodging at the Lemoore Marina Resort, yet receipts for this amount were submitted. The board found that plaintiffs failed to discredit Doty, who stated that plaintiffs were given blank receipts in connection with this house rental. Plaintiffs improperly overstated these receipts and attached them to their claims for reimbursement for these travel periods.
Nor do we find that the board abused its discretion in upholding this sanction. The board concluded that the employees’ dismissal for the falsification of their travel *683 records was appropriate since the "two individuals had conspired and had acted in concert to submit false travel claims on both occasions.” Although the parties claimed that they did not understand the joint travel regulations because they were unfamiliar with them, the board did not accept such claim and refused to mitigate the penalty.
This court has repeatedly refused to substitute its judgment for that of the agency since the measure of the penalty is within the discretion of the agency. Liotta v. United States, 174 Ct. Cl. 91, 96 (1966); De Nigris v. United States, 169 Ct. Cl. 619, 625 (1965). Plaintiffs argue that these particular circumstances do not warrant dismissal because this is too severe a penalty for their offenses. They contend that fellow employees have been suspended, and not dismissed, for similar violations and such penalties should be applied consistently. Plaintiffs point to their outstanding employment records and the relatively small amount of money involved.
We regret that before us is yet another case in which sanctions imposed upon employees for the first time ruin otherwise unblemished careers. However, the responsibility for discipline lies with management and, in this instance, although the sanction may have been severe, we do not feel that the offense is so slight or the punishment so disproportionately heavy as to find the board abused its discretion in affirming plaintiffs’ removal.
it is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs’ motion for summary judgment is denied and the petition is dismissed.