Daee, Senior District Judge,
sitting by designation, delivered the opinion of tbe court:
Tbe plaintiff, a non-veteran employee in tbe classified civil service seeks damages on tbe claim of having been wrongfully discharged. Each of the parties has filed a motion for summary judgment. On tbe issue raised thereby, tbe facts are undisputed and the case is ripe for decision.
Tbe plaintiff was Chief of tbe Audit Division in tbe office of tbe District Director of the Internal Eevenue Service for the District of Parkersburg, West Virginia. He was discharged on December 9, 1955. All administrative remedies were exhausted.
On December 1, 1955, the Agency Performance Eating Official notified plaintiff that his performance rating for the period from October 10, 1954, to December 3, 1955, was satisfactory.
The plaintiff in his motion poses the question to be decided; Whether the Internal Eevenue Service may dismiss an employee on a charge of “Gross Neglect of Duty” while at the same time notify the employee that his services are satisfactory for the period involved in the charge of “Gros1* Neglect of Duty.”
The invalidity of the plaintiff’s claim is reflected on two grounds:
*600 (1) The period during which the conduct of the plaintiff was charged as being gross neglect of duty was prior to the period included in his performance rating. The rating officer was duty bound to include only the period for which the rating was made. This conclusion is elemental.
(2) Even if the gross-neglect-of-dnty period was the same as the performance-rating period, or if the two overlapped, the discharge was lawful. The Lloyd-LaFollette Act of 1912, as amended,[1] and the Performance Eating Act of 1950 [2] are independent of each other. If a Federal employee is rightfully discharged under the Lloyd-LaFollette Act of 1912, as amended, a favorable rating under the Performance Eating Act of 1950 will not benefit him. DeFino v. McNamara, et al., 287 F. 2d 339 (C.A.D.C. 1961); Chisholm v. United States, 149 Ct. Cl. 8 (1960) ; Atkinson v. United States, 144 Ct. Cl. 585 (1959); Misuraca v. United States, 135 Ct. Cl. 387 (1956); Thomas v. Ward, 225 F. 2d 953 (C.A.D.C. 1955), cert. den. 350 U.S. 958; DeBusk v. United States, 132 Ct. Cl. 790 (1955), cert. den. 350 U.S. 988.
The plaintiff’s motion for summary judgment is denied. The defendant’s motion for summary judgment is granted, and the plaintiff’s petition will be dismissed.
It is so ordered.
Dureee, Judge; Laramore, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.

 5 U.S.C. § 652.

 5 U.S.C. § 2001 et seq.