Whitakee, Judge,
delivered the opinion of the court:
Plaintiff was an employee of the Air Force at Wright Air Development Center, Dayton, Ohio. On May 22, 1959, she submitted her resignation, effective June 12, 1959. Before its effective date she undertook to withdraw it, but she was not permitted to do so, and she was separated from the service on June 12,1959.
On June 6, 1959, plaintiff requested a grievance hearing in the agency. The Commander of the Center advised her that, since she had resigned, she was not entitled to a grievance hearing, but that he had appointed a grievance committee to consider the sole question of whether she had been coerced or unduly influenced to resign, as plaintiff had alleged, and that this committee had reported that it had “reviewed all the facts pertaining to [her] resignation” and had concluded that her resignation “was voluntary without coercion or undue influence.”
At the same time she requested a grievance hearing in the agency, she also appealed to the Civil Service Commission. The Sixth Regional Office of the Civil Service Commission declined to entertain her appeal, because, it said, she had not made out a prima facie case of duress. She was advised that she had a right to appeal to the Board of Appeals and Review within seven days. The seven days expired on June 20. At that time the grievance committee of the agency was still considering her case. If plaintiff had taken an appeal to the Board of Appeals and Review, she was faced with the prospect that the grievance committee would refuse to fur *84 ther consider her case, inasmuch as the regulations of the Air Force provide, in part:[1]
* * * Grievances submitted under the provisions of this section will not be entertained after an appeal of the same action has been initiated with the Civil Service Commission. Action being taken on an appeal submitted under the grievance procedure will cease concurrent with initiation of an appeal on the same subject to the Civil Service Commission.
She was, therefore, faced with the alternative of appealing to the Board of Appeals and Review or letting the time for appeal expire, in the hope that she would secure a favorable ruling from the grievance committee of the Air Force.
Under these facts, we think we must overrule the defendant’s motion for judgment on the pleadings, on the authority of Morelli v. United States, this day decided, p. 44.

 AFM 40-1, E2.2, 1, c(l) (g)-.