Per Curiam:
This case was referred pursuant to Rule
54(b) to Trial Commissioner Saul Richard Gamer with directions to make his recommendation for conclusions of law on plaintiff’s motion and defendant’s cross-motion for summary judgment. The commissioner has done so in an opinion filed October 8, 1964, and the case has been submitted to the court without argument of counsel. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, and on *621 the further basis of Begendorf v. United States, ante, p. 293, it hereby adopts the opinion and recommendation as the basis for its judgment in this case. Therefore, plaintiff’s motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and plaintiff’s petition is dismissed.
OPINION OP COMMISSIONER
This is a suit for back pay by a former Air Force civilian employee (electrician) in Iceland who was discharged because of alleged improper conduct relating to his receipt of overpayments for rental allowances. He has filed a motion for summary judgment, contending the discharge was unlawful because (1) he was dismissed for reasons other than the one with which he was formally charged and (2) at his hearing, the charge was not supported by a preponderance of the evidence and he was denied the right to cross-examine any witnesses, thereby making his dismissal arbitrary and capricious. Defendant cross-moves for summary judgment, denying there were any procedural defects and contending there was substantial evidence in support of the charge, thus making the administrative determination final and conclusive.
Plaintiff’s contention that his discharge was for reasons not contained in the letter of charges cannot be sustained. It is based only upon the ground that, although the agency, during the appellate consideration of plaintiff’s case by the Civil Service Commission, withdrew a charge of unsatisfactory work performance contained in the letter of charges, it nevertheless subsequently advised a prospective employer that plaintiff’s work performance had not been good. Plaintiff contends this proves that plaintiff’s discharge had really been based on the withdrawn charge of unsatisfactory work performance, which, of course, would be impermissible. Wittner v. United States, 110 Ct. Cl. 231, 76 F. Supp. 110 (1948) ; Shadrick v. United States, 151 Ct. Cl. 408 (1960).
Plaintiff deduces too much from this incident. Whatever one may think of the Air Force’s letter in view of the lack *622 of any official unsatisfactory efficiency ratings,[1] the specific withdrawal of the charge pertaining to the quality of plaintiff’s work, and the serious human consequences of its advice, nevertheless this post-employment incident cannot be accepted as proof that plaintiff was actually discharged for unsatisfactory work performance. It is not only an entirely unrelated event, but the letter does in fact accurately give as the only reason for plaintiff’s discharge the quarters allowance overpayment matter.
Although plaintiff may indeed conceivably have a legitimate grievance about the inclusion in the letter to the inquiring prospective employer of an adverse appraisal of his competence as an electrician, the remedy, if any, lies elsewhere.
Nor can plaintiff’s second contention be accepted. The “preponderance of the evidence” aspects thereof is based on the fact that no agency witnesses appeared at the Civil Service Commission hearing held on plaintiff’s appeal from the agency action, so that the only testimony was the plaintiff’s. Nothing has been cited, however, to show that an agency is obliged to produce witnesses at such a Civil Service Commission appeal hearing granted pursuant to Section 14 of the Veterans’ Preference Act of 1944, as amended (5 U.S.C. § 863 (1958 ed.)). What plaintiff veteran is entitled to under the act is a “right to appeal to the Civil Service Commission from an adverse decision,” a “right to make a personal appearance” before the Commission, and a right to have the Commission decide the case “after investigation and consideration of the evidence submitted.” Plaintiff has had all these rights. In view of the nature of the charge and plaintiff’s response thereto, the agency was content to rest on documentary evidence. In such hearings, the Commission may accept and decide on the basis of such evidence. Atkinson v. United States, 144 Ct. Cl. 585 (1959). Indeed, considering the undisputed facts and plaintiff’s admissions, *623 there was manifestly no need for the Air Force to send any witnesses from Iceland to Washington for the hearing.
And as to the deprivation of the right of cross-examination, if plaintiff (who was represented by counsel) felt that it was necessary for him, as part of the proper presentation of his case before the Commission hearing examiner, to cross-examine Air Force employees or officers, it was incumbent upon him to make a timely request for the production of such witnesses as were under the control of the Air Force. Williams v. Zuckert, 371 U.S. 531 (1963) ; 372 U.S. 765 (1963). The Commission was not then, and is not now, authorized to subpoena witnesses. 5 C.F.R. § 22.607 (rev. Jan. 1, 1961); 5 C.F.R. § 772.305(c) (rev. Jan. 1,1964). Each party must therefore make its own arrangements for witnesses. Plaintiff makes no showing whatsoever that he made any kind of a request, timely or otherwise, for Air Force personnel to be produced at the hearing for cross-examination.
Proceedings before the Civil Service Commission * * * need not be cast in the mold of court proceedings. * * * There is * * * no power to. subpoena witnesses for either side, and affidavits, letters and memoranda are received and given such weight as they seem to deserve. Atkinson v. United States, supra, at p. 599.
Further, plaintiff makes no showing that he was at all prejudiced by the failure of any Air Force personnel to appear at the hearing. The nub of the charge against plaintiff was that, after having initially filed a quarters allowance application based upon the rental he was then paying, he moved to less expensive quarters but, due to his laxity, he continued to receive for 14 months the higher allowances based on the old rental. As noted, there is indeed no real dispute about plaintiff’s dereliction in this respect. His attitude was that, although he knew he was drawing greater amounts than he was entitled to retain, he was also certain that sooner or later the Air Force would discover the situation and at such time would effect reimbursement (by salary withholdings) of the overpayments so that there would be *624 no monetary loss involved to it or ultimate benefit to plaintiff. Certainly the Air Force was fully justified in concluding that plaintiff’s discharge would, in the words of the Veterans’ Preference Act, “promote the efficiency of the service” and under the circumstances it is not clear how plaintiff could possibly be prejudiced by the absence of any Air Force employee or officer.
The only factual disputes plaintiff has with the Air Force involve immaterial matters. For instance, plaintiff attacks the credibility of his second Icelandic landlord with respect to the amount of the rent plaintiff paid him. But, as the Commission pointed out, even if the conflict is resolved in plaintiff’s favor, there would still be a substantial overpayment to plaintiff. Again, plaintiff contends that, upon his move, he did file a revised application for quarters allowance setting forth all the correct facts but that defendant must have lost it or it was mislaid or stolen. But, again as the Commission observed, even if plaintiff’s testimony to such, effect is accepted it would make no difference for plaintiff would still not be privileged to sit idly by for over a year and pocket amounts more than he knew he was entitled to receive. “Due diligence”, the Commission correctly held, “would have required that he * * * take steps to correct the record that was the basis for the overpayment.”
A review of this record reveals no procedural defect or irregularity. Plaintiff was served with written charges, he was given a reasonable opportunity to answer, and he was given a notification of final decision, with detailed reasons. Upon his appeal to the Civil Service Commission, he was afforded a hearing at which he appeared with counsel, testified, and was permitted to submit such affidavits and other evidence as he desired. From an adverse ruling by the Commission’s Appeals Examining Office which, in a well-reasoned opinion, considered all the evidence and every aspect of plaintiff’s case in great detail, plaintiff appealed to the Commission’s Board of Appeals and Review. And from a further considered review and denial of his appeal *625 by that Board, plaintiff again appealed to the Commission itself which, npon consideration, also denied relief.
There was not only substantial evidence in support of the discharge action, there is, as shown, no real dispute as to the validity of the charge. In such circumstances, and lacking any procedural defect, the discharge cannot be held to be arbitrary or capricious and this court can afford no remedy. Mayer v. United States, 145 Ct. Cl. 181 (1959), and cases therein cited.
Plaintiff deplores the harsh effects of dismissal. It may well be that other deciding authorities would have resolved all factual disputes in plaintiff’s favor (there was certainly room to do so), given them some mitigating effect, and, considering the length of plaintiff’s otherwise satisfactory military and civilian record, the conditions of employment in Iceland, the full recoupment of the overpayment (possibly an overrecoupment) and the tragic and long-lasting effect on plaintiff and his family of a discharge for cause, have taken some disciplinary action less drastic than discharge. But, absent the violation of any agency regulation fixing appropriate corrective measures for various offenses (Daub v. United States, 154 Ct. Cl. 434, 292 F. 2d 895 (1961)), the disciplinary action to be taken is a discretionary matter for the agency itself. Although to another it may seem harsh, an agency’s decision to dismiss for improper conduct of a substantial nature, rather than to impose some lesser form of disciplinary action, will not be disturbed. Harrington v. United States, 161 Ct. Cl. 432 (1963). It is only where the transgression is so minor, and a discharge based thereon so “unduly harsh and unwarranted”, that the dismissal could be considered as constituting “an abuse of discretion * * * that demands redress by this court.” Clark v. United States, 162 Ct. Cl. 477, 484 (1963). The offense for which plaintiff was here charged does not fall in such a category.
For all of the above reasons, plaintiff’s motion for summary judgment should be denied, defendant’s cross-motion granted, and plaintiff’s petition dismissed.

 However, a satisfactory efficiency rating is not conclusive for all purposes as to an employee’s actual work proficiency. Allen v. United States, 155 Ct. Cl. 598 (1961) ; Atkinson v. United States, 144 Ct. Cl. 585 (1959) ; Misuraca v. United States, 135 Ct. Cl. 387 (1956).