ColliNS, Judge,
delivered the opinion of the court:
Plaintiff is a former employee of the Department of the Navy.[1] On May 15,1961, he was removed from his position at the United States Naval Construction Battalion Center, Port Hueneme, California. The present suit, which is based upon plaintiff’s contention that his separation was unlawful, is for the recovery of back salary. Defendant has moved for summary judgment, and plaintiff has filed a cross-motion for summary judgment.
The facts can be summarized as follows: On May 28,1960, plaintiff sent to Adm. J. B.. Davis, the commanding officer of the Construction Battalion Center, a request for a grievance hearing. Plaintiff claimed that the denial to him of a higher rating (quarterman electrician) had been improper. Admiral Davis replied that plaintiff’s request would be considered as an appeal under the Naval Civilian Personnel Instructions and that it would be necessary for plaintiff to furnish more detailed information regarding the alleged irregularities. In his response, dated August 3, 1960, plaintiff elaborated on his charges of bias and of improper procedures. Admiral Davis considered plaintiff’s claims and found them to be without merit. Plaintiff was informed on September 23, 1960, that his appeal was denied.
Subsequently, on November 15,1960, Admiral Davis wrote plaintiff a letter reviewing the various charges which plaintiff had made against other personnel at the Construction Battalion Center. Admiral Davis informed plaintiff that he would be held responsible for the “disparaging statements” and that, unless plaintiff either substantiated or retracted them, disciplinary action would be initiated. Plaintiff replied on November 29,1960; the following excerpt provides an indication of the nature and tone of his letter:
* * * Be advised that my statements do not attack the honesty, integrity and motives of management personnel. Their conduct of the examination in violating the Act is self evident. It is only an assumption on your Eart unsupported by proof and it is now you Admiral ►avis who is held responsible for your disparaging *127 statements and Irresponsible allegations and it is now yon who is called upon to substantiate the truth and accuracy of these irresponsible allegations. To prove they were made maliciously or libelously, and made public, or to retract them. As an Officer and Gentlemen [sic] if you can not prove your irresponsible charges then you are guilty of conduct unbecoming an Officer and Gentlemen effecting [sic] the morale of Federal Employees like myself and you will do irreparable harm to all future grievance proceedings or Boards of Investigations, as Federal Employees like myself would in the future fear to testify because of retaliatory actions by Agency heads such as in this case now pending. * * * Any retraction made by you Admiral Davis would minimize the damage, suffering and mental anguish etc., by your irresponsible allegations and retaliatory actions and will be taken into consideration in determing [sic] the future action I intend to pursue in this matter.
By letter of December 15, 1960, plaintiff was informed that his separation was proposed. Two of the charges against plaintiff, one of disrespectful conduct and one of insubordination, were based upon plaintiff’s November 29, 1960, letter to Admiral Davis. The other charges pertained to assertions made by plaintiff in his letters of May 28 and August 3, 1960. Plaintiff was accused of eight instances of making “an unfounded statement defamatory to other employees or officials” and two instances of “misstatement and exaggeration of material fact in connection with an official proceeding.”
On December 29,1960, plaintiff submitted a written answer to the notice of proposed removal. Subsequently, in accord with plaintiff’s request, an Advisory Hearing Board convened to consider plaintiff’s opposition to the proposed separation. On May 5,1961, the Advisory Hearing Board recommended to the commanding officer that plaintiff’s removal be effected. Capt. E. K. Bennett, who had succeeded Admiral Davis as commanding officer, determined that the charges should be modified by dropping the one regarding insubordination (but not that regarding disrespectful conduct) and two other charges which he considered to be repetitive. On May 11, 1961, Captain Bennett wrote plaintiff that, as modified, the *128 charges were sustained and were sufficient to warrant removal. Accordingly, plaintiff was separated effective May 15,1961.
Plaintiff had the right to appeal to the Twelfth Regional Office of the Civil Service Commission, and he did so. A 'hearing was held on June 28,1961. The decision of the director of the Region, dated July 18, 1961, was that the removal of plaintiff was proper, both procedurally and tsubstantively. Plaintiff then appealed to the Civil Service Commission Board of Appeals and Review.
Although the Board of Appeals and Review affirmed the •decision of the Twelfth Region, substantial modifications were made. The Board of Appeals and Réview rejected •each of the remaining charges against plaintiff, except the •charge of disrespectful conduct. The Board’s decision, which was issued on March 2,1962, stated the following conclusion: “* * * under all of the circumstances disclosed in the appeal record, recourse to the disciplinary action of removal was not unreasonable, arbitrary or capricious.” Subsequent to issuance of the decision of the Board of Appeals ■and Review, plaintiff initiated the present suit.
According to plaintiff, there was no legal basis for his ■discharge. Plaintiff asserts (1) that statements made by an •employee in a grievance proceeding may not, in the absence of malice, be used as the basis for charges leading to removal -and (2) that this doctrine of privilege was applicable to his letter of November 29',1960. We need not determine whether -plaintiff’s first assertion is correct,[2] for, even if the claimed -privilege exists, it does not extend to the letter in question.
There was an indirect connection between plaintiff’s November 29, 1960, letter and his prior grievance appeal.[3] *129 That is, plaintiff was replying to the letter of November 15,. 1960, in which Admiral Davis had advised plaintiff that he should either substantiate or withdraw the allegations, which he had- made to support his grievance. However, this-connection is not sufficient to warrant acceptance of plaintiff’s contention that his November 29, 1960, letter was part of the grievance proceeding and, therefore, privileged.
In support of his claim of privilege, plaintiff refers to' Naval Civilian Personnel Instruction 770-1-2 which provides:
* * * It is the policy of the Department of the Navy to treat all employees fairly and to insure that employees will be unimpeded and assured freedom from restraint, interference, coercion, discrimination, or reprisal action in initiating grievances in accordance with the procedure established by this Instruction. * * *
The policy stated above is a sound one, but there was no-violation of it in the present case. The sole ground upon which the Board of Appeals and Beview relied in sustaining-plaintiff’s removal was that regarding disrespectful conduct. The Board was clearly justified in considering plaintiff’s-letter to be a violation of proper standards of conduct. Holding plaintiff responsible for such behavior is not retaliating against him for initiating a grievance. Plaintiff was entitled to pursue his complaint vigorously, but no policy or regulation gave him the right to treat the commanding officer in a disrespectful and threatening manner. Plaintiff’s letter of November 29, 1960, was not a necessary part of a grievance proceeding nor was it excusable on any other basis. Under these circumstances, there is no reason for extending the-doctrine of privilege to plaintiff’s letter.
The second ground upon which plaintiff attacks the validity of his discharge relates to the alleged denial of an opportunity to cross-examine witnesses. Plaintiff states that, prior *130 to the hearing of the Twelfth Civil Service Begion, he sought without success the appearance of several adverse witnesses. According to plaintiff, the failure of the Navy to produce these persons meant that plaintiff was deprived of a fair hearing. Although defendant denies that plaintiff discharged the initial burden described in Williams v. Zuckert,[4] it is unnecessary to discuss this issue. As indicated above, the only charge against plaintiff which was ultimately sustained was the charge of disrespectful conduct. Proof of this matter did not depend upon the statements of Government employees, for plaintiff’s letter spoke for itself. The cross-examination which plaintiff desired would have pertained only to charges which were rejected by the Board of Appeals and Beview. It follows that the absence of adverse witnesses resulted in no actual prejudice to plaintiff. Cf. De Nigris v. United States, 169 Ct. Cl. 619, 624 (1965).
In conclusion, we have rejected both of plaintiff’s major contentions. While plaintiff’s motion for summary judgment must be denied, the present record warrants the granting of defendant’s motion. The removal of plaintiff was procedurally correct. The Board of Appeals and Beview determined that separation was a proper sanction for plaintiff’s disrespectful conduct.[5] This determination was not arbitrary, and it was supported by substantial evidence. Therefore, we must adhere to the rule that this court will not “substitute its judgment for that of the agency relative to the penalty imposed on an employee.” Cook v. United States, 164 Ct. Cl. 438, 444 (1964).
Plaintiff’s motion for summary judgment is denied. Defendant’s like motion is granted, and the petition is dismissed.

 Plaintiff Is entitled to the benefits of § 14 of the Veterans’ Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S.C. § 863 (1964).

 Plaintiff places reliance upon an unreported decision of the united States District Court for the District of Rhode Island, Thompson v. Hunter, C.A. No. 18-82, June 3-0, 1955. The district court granted plaintiff Thompson’s motion for a preliminary injunction to restrain the defendant from discharging him. Even assuming this decision is valid precedent, it is of no avail to plaintiff Perkins. Nor are the other cases which plaintiff cites regarding the matter of privilege. Por reasons explained above, the alleged privilege •is inapplicable to the basis for plaintiff’s discharge.

 Defendant points out that, as of November 29, 1960, plaintiff had no grievance appeal pending. Plaintiff’s appeal (regarding denial of the higher rating) -was denied by Admiral Davis on September 23, 1960. Plaintiff attempted *129 to obtain review by tbe Secretary of tbe Navy of Admiral Davis’ decision;: however, on November 23, 1960, plaintiff’s appeal was returned to him for the-reason that it was untimely. Subsequently, on February 17, 1961, plaintiff’s-grievance appeal was reopened. The appeal was then denied by the Department of the Navy on May 24, 1961.

 Cert. dismissed, 371 U.S. 631, dismissal of cert. vacated, 372 U.S. 765 (1963).

 The Board of Appeals and Review noted that, under the Standard Schedule of Disciplinary Offenses and Penalties for Civilian Employees In the Naval Establishment, removal was a permissible penalty for disrespectful behavior.