On June 22, 1979 the court entered the following order:
*703 Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
This civilian back pay claim is before the court on requests for review of the memorandum opinion of Trial Judge C. Murray Bernhardt, filed October 4, 1978, determining the amount of recovery to which plaintiff is entitled. In 1970 the court, en banc, held that plaintiff was entitled to recover. 191 Ct. Cl. 471, 423 F. 2d 1379 (1970). Also before the court at this time is plaintiffs motion of November 2, 1978, seeking an order which would cancel her resignation, effective June 12, 1959, from employment with the Wright Air Development Center, Wright-Patterson Air Force Base, Ohio. The parties have submitted approximately 500 pages of briefs and exhibits. We have heard oral argument on all the matters raised. Plaintiff appears pro se.
This case was filed on November 10,1960. It has been the subject of numerous orders by the trial judge and the court and there are already five reported decisions in the case.[1] It is safe to say that no other personnel case has required so much of the attention of the court over such a long period of time nor has one been more extensively tried, briefed, and argued.
It is not necessary to recount the history of this case, as it is fully set forth in the reported decisions cited in the note below. Suffice it to say, what we must decide now is whether to sustain the trial judge who has found that plaintiff is entitled to recover $197,152.15, representing back pay less certain offsets (other than income taxes) from June 13, 1959, to January 26, 1977.
Defendant would have us reverse all prior determinations holding it liable and determinations concerning plaintiffs mitigation of damages. Defendant also challenges the amount of the award now in issue, particularly for annual and holiday leave.
Plaintiff is also dissatisfied and seeks not only the cancellation of her resignation which, if granted, would have the effect of restoring her to her position (long since abolished), which the court has previously refused to do, *704 but would have us undo the determinations of the trial judge concerning, among other things, the deduction from the award of unemployment compensation received by plaintiff. She also challenges his denial of the addition of certain further annual leave, compensatory and holiday leave, travel expense reimbursements, life and health insurance benefits, and severance pay. She also seeks special consideration for income taxes. As to the issue of taxes, we decline to rule, as the issue is presented prematurely and would require a declaratory judgment which we have no jurisdiction to grant in this case.
The trial judge allowed plaintiff 3,326 hours of back annual and holiday leave at an hourly rate of $9.65 for a total of $32,095.90. Defendant challenges this part of the back pay award and concedes only 240 hours in accordance with the provisions of FPM Chapter 550, Subchapter 2-3a (1975). Since we believe defendant is correct, this would reduce the leave item to $2,316.00 and reduce the total recovery to $167,372.25. Defendant’s position is based on the December 23, 1975, amendment of the Back Pay Act by Public Law 94-172, 89 Stat. 1025 (1975), 5 U.S.C. § 5596(b)(2) (1976), and implementing regulations, 5 C.F.R. § 550.804(g) (1977). See also FPM Supp. 990-2, Chapter 550, Subchapter 8, Subparts S8-2a, S8-6, and S8-6c (1977). Thereunder, an employee not on the rolls on the date of the amendment is limited in his claim for leave which must be made to the agency within 3 years from the 1975 amendment, and contemplates reinstatement to active duty employment. Plaintiff does not meet these criteria and although she responds to defendant she has failed to persuade us of the correctness of her position. At oral argument she admitted that she has not complied with the procedural requirements to claim leave but charges that this is because she is prohibited from talking to Government agencies and they are prohibited from talking to her. There is no proof of this and we reject it. Plaintiff concedes that her entitlement to the leave "would appear to depend upon the interpretation of her current status with respect to the phrase 'reinstated to the rolls,’ ” or as a "former employee.” We have ruled on that, adversely to plaintiff, and reiterate it here. We further conclude and hold that plaintiff is not entitled to full credit for annual leave for *705 the period that she was not actually, as opposed to constructively, employed.
We have patiently read all of the papers before us and listened to the oral argument. We are satisfied that the trial judge, with the one exception pertaining to leave discussed above, is correct on the facts and the law. His opinion was furnished to the parties and is not printed herewith. We further conclude that we cannot and should not reverse the prior decisions of the court in this case.
It is therefore ordered that the memorandum opinion of the trial judge, filed October 4, 1978, is adopted by the court, with the modification stated, as the basis for its judgment, and final judgment for plaintiff is entered in the sum of * one hundred eighty-two thousand three hundred sixty-six dollars and six cents ($182,366.06), of which, prior to payment, fourteen thousand nine hundred ninety-three dollars and eighty-one cents ($14,993.81) will be credited to plaintiffs Civil Service Retirement Fund account, representing plaintiffs contribution to the fund based on back pay awarded plaintiff for the period June 13, 1959, to January 26, 1977. The judgment payable to plaintiff after said deduction, therefore, is $167,372.25, as stated in the order of the court of June 22, 1979.
it is further ordered that plaintiffs motion of November 2, 1978, for an order directing defendant to cancel her resignation from defendant’s employment, effective June 12, 1959, is hereby denied.**

 161 Ct. Cl. 82 (1963); 186 Ct. Cl. 822, 406 F. 2d 1341 (1969); 191 Ct. Cl. 471, 423 F. 2d 1379 (1970); 193 Ct. Cl. 1080 (1970); 212 Ct. Cl. 451, 549 F. 2d 753 (1977).

 The amount of the judgment set forth in the order of June 22,1979 was corrected by the order of June 29, 1979 as set forth above. The court stated that "In all other respects the order of June 22, 1979, stands.”

 Plaintiffs motion for rehearing of order and defendant’s motion for new trial, rehearing and suggestion for rehearing en banc were denied September 28, 1979. Plaintiffs petition for a writ of certiorari was denied, 445 U.S. 969 (1980).