Defendant has moved for summary judgment against the claim of plaintiff for back pay, reinstatement, and correction of his personnel records. Plaintiff was removed from his position as a civilian supervisory engineering technician, GS-12, at the Naval Amphibious Base in Norfolk, Virginia, as a result of charges brought against him for unauthorized use of official telephones for personal long-distance calls at government expense and disrespectful conduct toward a superior. Following his removal, plaintiff applied for disability retirement which was granted, effective as of April 16, 1978, the day following his dismissal. Plaintiff has exhausted his administrative remedies. He now charges that his discharge was illegal because it was arbitrary and capricious. Defendant’s motion challenges the claim on jurisdictional grounds and for failure to state a *500 claim, because at no time since his dismissal has plaintiff been ready, willing, and able to perform the duties of his former position, and no money judgment is therefore possible for back pay. We agree with defendant.
Plaintiff started working at the Norfolk base in 1977 after recovering from a heart attack suffered in 1975 while working overseas as a construction representative for defendant. At the Norfolk Base he was a maintenance control director directly responsible to the Public Works Officer and his assistant for identifying work backlog, developing an annual maintenance plan, and insuring a smooth flow of authorized work to his division by way of monthly shopload plans.
Plaintiffs difficulties with defendant commenced with a memorandum directed to him on January 23, 1978, from the Assistant Public Works Officer explaining that plaintiff had made a series of unauthorized long-distance calls to his wife in Washington, D.C., which were charged to defendant in violation of a cited instruction and the Act of May 10, 1939, 31 U.S.C. § 680a (1976). On January 24,1978, plaintiff complied with defendant’s request to pay for these calls in the amount of $81.50. Plaintiff was advised that the matter of appropriate disciplinary action would be the subject of later correspondence and that his payment did not excuse his conduct.
On January 27, 1978, plaintiff wrote what can only be described fairly as an intemperate and patronizing memorandum to H. H. Harrell, his commanding officer, making numerous disparaging remarks about him, including "ignorance,” and demanding, "Get Off My Back.” Plaintiff further stated that he would no longer accept any verbal requests from Harrell or his subordinates.
On February 16, 1978, plaintiff was advised of charges and proposed disciplinary action. On February 22, 1978, plaintiff was asked to discuss his certification of another newly discovered personal telephone call, in view of prior advice to him concerning the illegality of previous similar actions. Plaintiff explained that he called his wife to provide comfort and support to her.
On March 8, 1978, the Public Works Officer issued a notice of proposed adverse action to plaintiff. It proposed *501 his removal on two charges. The first charge had two specifications, unauthorized use of government-leased property (21 toll charge calls of a personal nature) and falsification of material fact in connection with an official record.
The latter specification was that by placing his initials on the telephone logs plaintiff had falsely certified that they had been made on government business in violation of law. The second charge was for disrespectful conduct toward a superior, based on plaintiffs memorandum of January 27, 1978. Plaintiff was told that the seriousness of his offense was greatly aggravated by the grade and nature of his position and he was advised of his rights to respond.
Plaintiff was given a hearing. Thereafter, on March 29, 1978, the commanding office of the Naval Amphibious Base upheld the charges. In doing so, he stated that he gave full consideration to all the factors surrounding the case. Plaintiffs removal was ordered, effective April 15, 1978, to promote the efficiency of the service. The decision was implemented.
On April 17, 1978, plaintiff appealed to the Federal Employee Appeals Authority (FEAA) and a full hearing on his appeal was held. The FEAA decision affirming the agency action was issued on August 28,1978. The FEAA set aside only the second specification of Charge No. 1. The petition was filed here on October 1,1980. In the meantime, as noted above, plaintiff applied for and was granted disability retirement effective on the day following his dismissal.
Plaintiff does not contest the need to state a claim for money in order for this court to have jurisdiction. Defendant says that in this case, however, plaintiff is not entitled to recover because he voluntarily applied for and was granted total disability retirement and it follows that since plaintiff was disabled he was incapable of performing the work for which pay would have been received after his dismissal, and which is now demanded. Therefore, defendant contends that plaintiff has lost nothing as a result of his dismissal. The cases support defendant’s position. Back pay cannot be awarded where the employee is not ready, willing, and able to resume his position during the period for which relief is sought. Bradley v. United States, 220 *502 Ct.Cl. 684 (1979); Graves v. United States, 176 Ct. Cl. 68 (1966); Everett v. United States, 169 Ct. Cl. 11, 340 F.2d 352 (1965).
Plaintiff does not now challenge the fact that he is, and has been since his removal, totally disabled to perform the duties of his previous position but argues that this should not mean he is not "ready, willing and able” to work. Plaintiff says that the law required that he be appointed to a different position, one consistent with his disability, if he had not been discharged for misconduct. Essentially, plaintiff claims entitlement to a position other than the one to which he was appointed. There is no legal right to such a hypothetical position. One is not entitled to the salary of a government position until duly appointed to it. United States v. Testan, 424 U.S. 392 (1976).
We note, additionally, that plaintiffs petition asks reinstatement to his former position of employment and that his records should be corrected to show that he has been continually employed in that position. He did not raise the issue of a hypothetical job he might have been appointed to, as a handicapped person, until the present proceedings. Since he did not raise this issue in the administrative proceedings, we really do not need to consider it for he has failed to exhaust as to this argument. However, we have examined the authorities plaintiff thinks support his argument and do not find that there was any such law in effect at the time of his discharge. The fact that Congress changed the definition of disability as of March 5, 1981, long after plaintiff applied for and gained disability retirement, gives him no legal right to be transferred to a different position, effective prior to his retirement. Pub. L. No. 96-499, §§ 403(a), 403(b), 94 Stat. 2605 (December 5, 1980). Plaintiff relies on the Handbook of Reasonable Accommodation. This is not shown to be a regulation with the force and effect of law and was not issued until March 1980, two years after plaintiffs dismissal and voluntary disability retirement. Even if any of the foregoing were applicable to plaintiffs case, it would not help him at all because for them to be applicable and entitle him to another position as a handicapped person we would have to hold that he was not properly discharged. We hold that he was.
*503 Plaintiff contends that the decision to discharge him violates the agency’s own table of penalties for such offenses. Specifically, plaintiff alleges that the table authorized only suspension or reprimand for first offenses such as charged here, and that removal was permissible only for second offenses. This is true but it is not the whole truth. The applicable regulation specifically authorizes a combination of a series of offenses, or one or more committed within a short period of time "with a more severe penalty than each would normally merit.” navphibaselcreek instruction 12750.1D (May 14, 1976). The agency opinion recognized this and pointed it out. That opinion observed that every consideration had been given to plaintiffs prior record, the nature of the position he held, the gravity of the offenses, and the reasonableness of the penalty under all of the circumstances. It stated that "the removal action is considered the very least disciplinary action that could reasonably be expected to correct the situation and maintain discipline and morale.” We do not find this conclusion unsupported by the record or arbitrary or capricious.
Plaintiff claims that he can prove that the penalty of removal was an abuse of discretion if he is accorded discovery, because he thinks that others in similar circumstances have been treated differently. This is riot relevant. "[M]ere unevenness in the application of the sanction does not render its application in a particular case 'unwarranted in law.’” Butz v. Glover Livestock Comm’n Co., 411 U.S. 182, 188 (1973); Jones v. United States, 223 Ct. Cl.138, 147-48, 617 F.2d 233, 238 (1980).
Plaintiff claims, finally, that his actions are protected by the first amendment and that he was only exercising his right of free speech. He cites Pickering v. Board of Education, 391 U.S. 563 (1968). That is quite a different case, for the employee’s statements to a newspaper, critical of his employer, were not directed toward any person he normally would be in contact with in the course of work, and there was no question, such as we have here, of maintaining either discipline by superiors or harmony in the work place. The United States as an employer has legitimate and statutory interests in promoting the efficiency of public services performed through its employees. This *504 may, in limited cases, justify reasonable limitations on employee conduct which would otherwise be entitled to first amendment protection. Cook v. United States, 227 Ct.Cl. 894, cert. denied, 454 U.S. 894 (1981); Brousseau v. United States, 226 Ct. Cl. 199, 640 F.2d 1235 (1981). The issue here is conduct which was disrespectful to superiors, amounting to insubordination for refusal to accept further instructions unless in writing, in open defiance of the commander’s authority, and statements that superiors did not know what they were doing and were "ignorant” and, implicitly, were stupid. This conduct evidenced a lack of discipline which if left unpunished would impair the efficiency of the service. Plaintiffs words went far beyond constructive criticism. He openly defied his superior’s authority. The FEAA properly found that during the administrative proceedings plaintiff "did not contest the allegation that his message exhibited disrespectful conduct.” Such conduct is sufficient to support his removal under the circumstances. We so held in Perkins v. United States, 174 Ct. Cl. 124 (1966), cert. denied, 391 U.S. 954 (1968).
Plaintiff was accorded two full hearings. There was no discernable or harmful error in those proceedings. The decisions against him were fully supported by the record and were not arbitrary, capricious, in bad faith, or otherwise contrary to law. The penalty was authorized and its application was not an abuse of discretion. Plaintiffs conduct was intentional, unauthorized use of government long-distance telephone lines for personal purposes on repeated occasions. A statute banned such conduct. 31 U.S.C. §680a (1976). So do the regulations. navphibaselcreekinst. 2030.2 (May 27, 1977). Plaintiffs removal must be upheld. We affirm the administrative decisions.
Defendant has moved to strike an affidavit executed by plaintiff to supplement the administrative record before us for consideration. Plaintiff says the affidavit bears on the jurisdictional issue. It does not offer anything we have not otherwise considered in our ruling on this issue, and in any event the motion is mooted by our resolution of the claim.
it is therefore ordered that, upon consideration of the pleadings, the defendant’s motion for summary judgment *505 and plaintiffs response thereto, the exhibits furnished by the parties, and the administrative record, but without oral argument, the motion should be and it is granted. The petition is dismissed.