824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dr. Joseph GILBERT, Jr., Appellant,
v.
The UNITED STATES, Appellee.
 Appeal No. 86-1688.
 United States Court of Appeals, Federal Circuit.
 May 5, 1987.
 
 Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 
 1
 The judgment of the United States Claims Court dismissing the amended complaint of appellant, Dr. Joseph W. Gilbert, Jr. (Dr. Gilbert), seeking back pay and reinstatement to his former position with the Veterans Administration (VA), is affirmed.
 
 
 2
 In 1981, following a hearing before a VA professional standards board, Dr. Gilbert was separated from the VA for abandonment of his position. The circumstances giving rise to this action are fully detailed in the Claims Court's decision, 10 Cl.Ct. 501 (1986). There is no genuine dispute as to any relevant facts. They show that Dr. Gilbert consistently and repeatedly refused to return to work with the VA in the positions that were offered him after the VA was ordered to reinstate Dr. Gilbert after an earlier improper separation in 1971. The offered positions were in compliance with the court order, which did not require that Dr. Gilbert be reinstated in the position that he had previously occupied.[1]
 
 
 3
 The Claims Court determined that Dr. Gilbert was not ready and willing to perform the duties of the VA positions that he was offered and, as a result, that he had not stated a claim for back pay over which the court had jurisdiction. Moreover, the court found that it did not have jurisdiction to consider the correctness of Dr. Gilbert's separation from the VA because such authority exists only as a concomitant of a monetary claim against the United States over which the court has jurisdiction.
 
 
 4
 It is well settled that the Claims Court has limited subject matter jurisdiction under the Tucker Act, 28 U.S.C. Sec. 1491. United States v. Mitchell, 463 U.S. 206 (1983). A federal employee, in order to have a proper back pay claim under the Tucker Act, must show that he has a substantive right or entitlement to salary which was withheld as a result of an unjustified or unwarranted personnel action. Spagnola v. Stockman, 732 F.2d 908 (Fed.Cir.1984); see also United States v. Testan, 424 U.S. 392 (1976).
 
 
 5
 We are convinced, after reviewing the arguments and facts, that the Claims Court correctly determined that Dr. Gilbert was not denied any salary as the result of an unjustified or unwarranted personnel action, either with respect to his 1973 assignment to the outpatient surgical clinic at the Atlanta Veterans Administration Hospital or the failure of the VA to transfer him to the research position at the Birmingham Veterans Administration Hospital. With respect to both positions, Dr. Gilbert fails to meet the requirement of the back pay act, 5 U.S.C. Sec. 5596, that he be available for the performance of his duties, i.e., "ready, willing and able" to work. 5 C.F.R. Sec. 550.805(c); Manzi v. United States, 198 Ct.Cl. 489 (1972); Kanarek v. United States, 394 F.2d 525, 534 (Ct.Cl.1968). Accordingly, the Claims Court properly determined that Dr. Gilbert had no claim for back pay for positions that he either abandoned or refused to accept and that, in the absence of such a claim, the court could not consider the propriety of his separation from the VA in 1981. 28 U.S.C. Sec. 1491(a)(2); see Minskoff v. United States, 229 Ct.Cl. 499 (1981).[2]
 
 
 
 [1]
 See Gilbert v. Johnson, 490 F.2d 827 (5th Cir.1974); Gilbert v. Johnson, 419 F.Supp. 859 (N.D.Ga.1976), aff'd in part and rev'd in part, 601 F.2d 761 (5th Cir.1979)
 
 
 [2]
 Because we affirm that appellant has not stated a claim for back pay or reinstatement, there is no basis for retransferring this case to the district court; neither do we need to consider the VA's other arguments